UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael A., | Case No. 23-cv-0475 (WMW/DTS) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Martin J. O'Malley, *Commissioner of the Social Security Administration*, | |
| Defendant. | |

---

This matter is before the Court on the parties' cross-motions for judgment on the administrative record. (Dkts. 11, 13.) For the reasons addressed below, the Court grants Defendant's motion and denies Plaintiff's motion.

## BACKGROUND

Plaintiff Michael A.[1] filed an application for supplemental security income benefits on October 16, 2020. Admin. Rec. (Dkt. 8) at 193-201. This application alleged that Plaintiff became disabled and unable to work as of February 1, 2020, as a result of depression, post-traumatic stress disorder ("PTSD"), bipolar disorder and diabetes. *Id.* at 223.

For purposes of Social Security disability benefits, an individual is considered disabled if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1]   It is the policy of this District to use only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If that requirement is satisfied, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. *Id.* § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. At step four, the claimant bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past

relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work that exists in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. Admin. Rec. at. 74, 83. In March 2022, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. *Id.* at 33-62. Plaintiff testified at this hearing and was represented by an attorney. After the hearing, the ALJ determined that Plaintiff has multiple severe impairments: diabetes, anxiety disorder, adjustment disorder, depressive disorder and PTSD. *Id.* at 16. The ALJ found, however, that none of these impairments, either alone or in combination, meets or medically equals any of the listed impairments. *Id.* The ALJ determined that Plaintiff has the capacity for medium work with some physical and mental restrictions. *Id.* at 18. Although this RFC meant that Plaintiff cannot return to his previous work as a pallet builder, the ALJ found that there are jobs that Plaintiff can perform in the national economy. *Id.* at 21-22. For this reason, the ALJ concluded that Plaintiff is not disabled. *Id.* at 23. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

3

## ANALYSIS

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff argues that the ALJ did not appropriately evaluate the opinions of a consultative examiner and failed to fully develop the record regarding Plaintiff's mental-health limitations.

### I.   Evaluation of Medical Opinion

In August 2021, Dr. Grace Totoe performed a consultative physical examination on Plaintiff. Admin. Rec. at 470-74. This examination found that Plaintiff has normal strength, muscle tone, and sensation; the only abnormal finding was that he is "slightly unsteady" walking on his heels. *Id.* at 471. In addition, Plaintiff has a normal range of motion in all of his joints, although Dr. Totoe noted that Plaintiff experiences some pain with certain movements of his shoulder, elbow, wrist, ankle, back and neck. *Id.* at 473-74.

4

Despite these normal examination findings, Dr. Totoe opined that Plaintiff would be able to walk for less than an hour and stand for less than an hour in an eight-hour workday and would be able to lift no more than 30 pounds. *Id.* at 472. The ALJ found Dr. Totoe's opinion about Plaintiff's physical limitations unpersuasive "as it is not at all supported by the exam findings, nor is it consistent with the exam findings or treatment notes throughout the record." *Id.* at 20. Plaintiff argues that the ALJ's evaluation of Dr. Totoe's opinion is insufficient under the governing regulations.

Those regulations require the ALJ to "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). The regulations further provide that the ALJ "will explain how he considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). But "[n]o talismanic language is required for the ALJ to meet the requirements of § 404.1520c, only that the ALJ make it clear that [the ALJ] considered the supportability and consistency of an opinion." *Mario O. v. Kijakazi*, No. 21-CV-2469 (NEB/ECW), 2022 WL 18157524, at *11 (D. Minn. Dec. 13, 2022), *R. & R. adopted by* 2023 WL 136590 (D. Minn. Jan. 9, 2023).

5

The ALJ's discussion of Dr. Totoe's opinion appropriately addresses the supportability and consistency of that opinion. After finding the opinion not persuasive, the ALJ analyzed Plaintiff's medical history in detail, noting that Plaintiff had received "very limited care with respect to physical impairments." Admin. Rec. at 20. This analysis provides more than adequate explanation for the ALJ's conclusion that Dr. Totoe's opinion was neither supported by nor consistent with the medical evidence as a whole.

In addition, in his application for disability benefits, Plaintiff did not rely on any physical impairments other than diabetes. It appears that any physical difficulties he now experiences arose as a result of a fall that occurred during the administrative process. *See id.* (Plaintiff first reported low back pain after a fall shortly before a physical-therapy appointment in November 2021). Therefore, his belated attempt to claim error from a failure to adequately evaluate non-disabling physical impairments is not persuasive. But even if Plaintiff claimed additional physical impairments as a basis for his alleged disability, the ALJ evaluated all of Plaintiff's physical and mental impairments and the RFC included physical restrictions to address those physical ailments that are supported in the record. The ALJ's evaluation of the evidence is not contrary to the regulation's requirements, and the ALJ's conclusions are supported by substantial evidence.

## II.   RFC and Duty to Develop the Record

Plaintiff next argues that the ALJ erred by not ordering another consultative psychological examination and by including in the RFC mental limitations that are not supported by any opinion in the record. Plaintiff contends that the ALJ should have ordered an additional examination because the only opinions in the record regarding Plaintiff's

6

mental-health impairments are from two state agency consultants whose opinions the ALJ found were not wholly persuasive. Therefore, Plaintiff argues, the ALJ improperly formulated the RFC based on the ALJ's lay opinion of the limitations Plaintiff's psychological diagnoses imposed.

Contrary to Plaintiff's argument, the RFC is not based on the ALJ's lay opinions. The ALJ addressed the mental-health evidence in the record, noting that although Plaintiff occasionally appeared anxious and depressed, Plaintiff's mental-status examinations were usually normal. *E.g.*, Admin. Rec. at 21. The ALJ also considered Plaintiff's daily activities, finding those activities inconsistent with Plaintiff's claim of disabling mental-health symptoms. *Id.* at 17; *see Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (determining that the RFC must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations"). The RFC properly accounted for all evidence in the record in limiting Plaintiff to simple, routine tasks and only occasional interactions with supervisors, coworkers and the public. *Id.* at 18. The ALJ's determination of the limiting effects of Plaintiff's mental-health issues is fully supported by substantial evidence, despite the absence of a specific opinion that included those restrictions. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (finding that "there is no requirement that an RFC finding be supported by a specific medical opinion").

## ORDER

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Therefore, based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Martin J. O'Malley's motion for judgment, (Dkt. 13), is **GRANTED**.

2. Plaintiff Michael A.'s motion for judgment, (Dkt. 11), is **DENIED**.

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 2, 2024

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge